UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

JUAN C. REVELLO,

    Plaintiff,
v.

ELECTRIC AVENUE, INC., and
OFER SISSON, individually

    Defendant,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JUAN C. REVELLO by and through the undersigned counsel, and hereby sues Defendants ELECTRIC AVENUE, INC and OFER SISSON, individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime and minimum wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act"), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2. At all times material hereto Plaintiff JUAN C. REVELLO (hereinafter JUAN C. REVELLO or Plaintiff) was a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant ELECTRIC AVENUE, INC. (hereinafter ELECTRIC AVENUE or Defendant) is a Florida corporation, having its main place of business in Dade County,

Florida, where Plaintiff worked for Defendant, and at all times material hereto Defendant was and is engaged in interstate commerce.

4. Individual Defendant OFER SISSON is the Manager/Partner of ELECTRIC AVENUE, he had operational control of the business and is an employer within the meaning of 29 U.S.C. § 203(d)].

## ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff JUAN C. REVELLO brings this collective action for overtime compensation and other relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.,* on behalf of himself and other similarly situated employees of Defendant.

6. Defendant ELECTRIC AVENUE is a store located at Downtown Miami, specializing in the sale of an extensive selection of electronics, computers, communication, and photographic equipment. Because of its location, the store caters mostly to tourist from out of state and also to tourist from all around the world.

7. Defendant ELECTRIC AVENUE employed Plaintiff from on or about December 1, 2011 through February 21, 2013. Plaintiff was hired as sales store employee, and he was promised a wage rate or $12.50 or $500.00 weekly plus the payment of commissions. During the relevant period of employment Plaintiff was paid consistently at the rate of $12.50, but he never understood nor he was explained about the commission plan applied or the different wage rate shown (if any) in his paystubs.

8. Plaintiff was employed as a sales store employee performing the same or similar duties as that of those other similarly-situated store sales employees. Plaintiff and those similarly situated employees were entitled to an overtime rate of pay equal to time and one half their regular rate, for every overtime hour worked.

9. While employed by Defendant, Plaintiff worked an average of 48 (Forty Eight) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed.

10. Plaintiff complained on several occasions and requested an explanation about his overtime hours and commissions, but Defendants did not offer any explanation.

11. On or about February 2012, the U.S. Department of Labor Wage and Hour Division (DOL) opened an investigation about the wage an hour practices of Defendant ELECTRIC AVENUE, and determined that Defendant ELECTRIC AVENUE did not complied with the fair Labor Standards Act (FLSA). Plaintiff did not initiate the investigation, but he was interviewed and cooperated with the Agency in the investigation.

12. This Agency ordered Defendants to pay its employees unpaid wages under the FLSA for the period from 12/24/2011 to 06/30/2012.

13. On or about October 05, 2012, Manager Ofer Sisson delivered Plaintiff the check# 4118 for the amount of $1,016.15, and made Plaintiff to sign a waiver. **See Exhibit "A"** DOL Receipt for Payment and **See Exhibit "B"** copy of ELECTRIC AVENUE' Check.

14. At the same time, Manager Ofer Sisson informed Plaintiff that he had to give back the money received, and that starting his next payment check, he would have a deduction of $250.00 weekly until Plaintiff finish the reimbursement of the $1,016.15 received by orders of DOL. Defendant OFER SISSON threatened Plaintiff with termination of his employment if he refused to have a deduction of his wages.

15. Defendant ELECTRIC AVENUE deducted from Plaintiffs' payment checks the same amount that DOL ordered to pay Plaintiff as unpaid wages ($1,016.15).  **See Composite Exhibit "C".**

16. On or about January 07, 2013, in spite of the Manager OFER SISSON'S threats, Plaintiff complained to Defendant about his missing overtime hours and about the illegal deductions, the Defendant OFER SISSON begun to laugh and walked away without offering any answer.

17. On February 21, 2013, Plaintiff involuntarily got involved in an incident with a customer, Defendant OFER SISSON fired Plaintiff immediately.  Plaintiff alleges that he was not fired because of the incident with the client.  Plaintiff firmly believes that that Defendant used that incident as a pre-textual reason, Plaintiff claim he was fired in retaliation for his complaints about unpaid overtime hours and illegal deductions.

18. Plaintiff seeks to recover for unpaid overtime wages and for any other damage as allowable by law.

**COUNT I:
WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
FAILURE TO PAY OVERTIME,**

19. Plaintiff JUAN C. REVELLO re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

20. This action is brought by Plaintiff JUAN C. REVELLO and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work

week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

21. The employer ELECTRIC AVENUE was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is an Electronics Store that has more than two employees directly and recurrently engaged in interstate commerce. Defendant caters to customers from out of state and to customers from other Countries. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, ELECTRICAL AVENUE was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

22. Plaintiff was employed by an enterprise engage in interstate commerce and through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate business, handling and selling goods and materials that were

moved across State lines at any time in the course of business, to mostly out of the state customers. Therefore, there is individual coverage.

23. Defendant ELECTRIC AVENUE employed Plaintiff JUAN C. REVELLO from on or about December 1, 2011 throughout February 21, 2013 or 64 weeks. Plaintiff's wage rate during the relevant period of employment was $12.50.

24. While employed by Defendant, Plaintiff worked an average of 48 (Forty Eight) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed.

25. Plaintiff had a regular schedule from 9:00 AM to 6:00 PM or 9 hours daily for 6 days a week with one hour off for lunch break, Consequently, Plaintiff worked an average of 48 overtime hours every week, but he was paid for just 40 hours.

26. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. Nevertheless, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

27. Plaintiff was paid with checks accompanied by paystubs that never reflected real number of hours worked, rate of payment, or commissions earned.

28. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

29. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Calculations have been made according to FLSA Statute of Limitations.

    a. <u>Total amount of alleged unpaid wages</u>:

       Nine Thousand Six Hundred Dollars and 00/00 ($9,600)

    b. <u>Calculation of such wages</u>:

       Total relevant weeks of employment: 64 weeks
       Total hours worked: 48 hours
       Overtime hours: 8 off-the clock hours

       2011 Overtime-Regular Rate $12.50 x 1.5 = $18.75 O/T rate
       $18.75 O/T rate x 8 hrs.= $150.00 wkly. x 4 weeks= $600.00

       2012 Overtime-Regular Rate $12.50 x 1.5 = $18.75 O/T rate
       $18.75 O/T rate x 8 hrs.= $150.00 wkly. x 52 weeks =$7,800.00

       2013 Overtime-Regular Rate $12.50 x 1.5 = $18.75 O/T rate
       $18.75 O/T rate x 8 hrs.= $150.00 wkly. x 8 weeks = $1,200.00

       Total overtime: $9600.00

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents the unpaid overtime.

30. At all times material hereto, the Employer/Defendant ELECTRIC AVENUE, failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

31. Defendant ELECTRIC AVENUE knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated

employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

32. At the times mentioned, individual Defendant OFER SISSON was the Manager/Partner of Defendant Corporation ELECTRIC AVENUE. Individual Defendant OFER SISSON had operational control the Corporation, he determined Plaintiff's employment terms and conditions, and is jointly liable for Plaintiff's damages.  Individual Defendant OFER SISSON was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of Defendant ELECTRIC AVENUE in relation to the employees including Plaintiff and others similarly situated.

33. Defendants ELECTRIC AVENUE and OFER SISSON willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment, as set forth above.

34. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JUAN C. REVELLO and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly-situated and against the Defendants ELECTRIC AVENUE and OFER SISSON on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime

      compensation for hours worked in excess of forty weekly, with interest; and

  C. Award Plaintiff an equal amount in double damages/liquidated damages; and

  D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

  E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

**JURY DEMAND**

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE**

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

36. The employer ELECTRIC AVENUE was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is an Electronics Store that has more than two employees directly and recurrently engaged in interstate commerce. Defendant caters to customers from out of state and to customers from other Countries. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was at all times material hereto in excess of $500,000 per annum.

By reason of the foregoing, ELECTRICAL AVENUE was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

37. Plaintiff was employed by an enterprise engage in interstate commerce and through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate business, handling and selling goods and materials that were moved across State lines at any time in the course of business, to mostly out of the state customers. Therefore, there is individual coverage.

38. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.  U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

 (1) except as otherwise provided in this section, not less than—

   (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

   (B) $6.55 an hour, beginning 12 months after that 60th day; and

   (C) $7.25 an hour, beginning 24 months after that 60th day.

39. Defendant ELECTRIC AVENUE employed Plaintiff JUAN C. REVELLO as a sales store employee from on or about December 1, 2011 through February 21, 2013. Plaintiff's wage rate during the relevant period of employment was $12.50 an hour.

40. Plaintiff worked an average of 48 hours per week. However, Plaintiff was paid for just 40 hours weekly. Plaintiff worked a minimum of 8 hours that were not compensated at any rate. Plaintiff was not paid for a substantial number of hours at least at +the minimum rate established by the law.

41. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff.

42. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

43. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Calculations have been made according to the FLSA statute of limitations.

   a. <u>Total amount of alleged unpaid wages</u>:

      Three Thousand Seven Hundred Twelve Dollars and 00/100 ($3,712.00)

   b. <u>Calculation of such wages</u>:

      Total relevant weeks of employment: 64 weeks
      Total hours worked: 48 hours
      Total paid hours: 40 hours
      Total unpaid hours: 8 off the clock hours every week

      Minimum wage 2011, 2012, and 2013: $7.25 an hour

      8 Hours x $7.25 = $58.00 a week x 64 weeks = $3,712.00

   c. <u>Nature of wages:</u>

      This amount represents unpaid Federal minimum wages.

44. Defendant ELECTRIC AVENUE unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover for minimum wage violations accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

45. Defendant ELECRIC AVENUE knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

46. At the times mentioned, individual Defendant OFER SISSON was the Manager/Partner of Defendant Corporation ELECTRIC AVENUE. Individual Defendant OFER SISSON had operational control the Corporation, he determined Plaintiff's employment terms and conditions, and is jointly liable for Plaintiff's damages.  Individual Defendant OFER SISSON was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of Defendant ELECTRIC AVENUE in relation to the employees including Plaintiff and others similarly situated.

47. Defendant ELECTRIC AVENUE and OFER SISSON willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff  and those similarly situated these minimum wages since the commencement of Plaintiff's employment with Defendants or as set forth above.

48. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JUAN C. REVELLO respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants ELECTRIC AVENUE and OFER SISSON on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS**

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-47 of this complaint as if set out in full herein.

50. This action arises under the laws of the United States.

51. 29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

52. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

53. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

54. Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Defendant ELECTRIC AVENUE is an electronic store business residential and through its business activities, affects interstate commerce. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff worked as a sales store employee while employed by the Defendants.

55. Defendant ELECTRIC AVENUE employed Plaintiff JUAN C. REVELLO as a sales store employee from on or about December 1, 2011 through February 21, 2013. Plaintiff's wage rate during the relevant period of employment was $12.50 an hour.

56. Plaintiff worked an average of 48 hours per week. However, Plaintiff was paid for just 40 hours weekly. Plaintiff worked a minimum of 8 hours that were not compensated at any rate. Plaintiff was not paid for a substantial number of hours at least at +the minimum rate established by the law.

57. Plaintiff complained on several occasions and requested an explanation about his overtime hours and commissions, but Defendants did not offer any explanation.

58. On or about February 2012, the U.S. Department of Labor Wage and Hour Division (DOL) opened an investigation about the wage an hour practices of Defendant

ELECTRIC AVENUE, and determined that Defendant ELECTRIC AVENUE did not complied with the fair Labor Standards Act (FLSA).  Plaintiff did not initiated the investigation, but he was interviewed and cooperated with the Agency in the investigation.

59. This Agency ordered Defendants to pay its employees unpaid wages under the FLSA for the period from 12/24/2011 to 06/30/2012.

60. On or about October 05, 2012, Defendant OFER SISSON delivered Plaintiff the check# 4118 for the amount of $1,016.15, and made Plaintiff to sign a waiver.  **See Exhibit "A"** DOL Receipt for Payment and **See Exhibit "B"** copy of ELECTRIC AVENUE' Check.

61. At the same time, Defendant OFER SISSON informed Plaintiff that he had to give back the money received, and that starting his next payment check, he would have a deduction of $250.00 weekly until Plaintiff finish the reimbursement of the $1,016.15 received by orders of DOL.  Defendant OFER SISSON threatened Plaintiff with termination of his employment if he refused to have a deduction of his wages.

62. Defendant ELECTRIC AVENUE deducted from Plaintiffs' payment checks the same amount that DOL ordered to pay Plaintiff as unpaid wages ($1,016.15).  **See Composite Exhibit "C".**

63. On or about January 07, 2013, in spite of the Manager OFER SISSON'S threats, Plaintiff complained to Defendant about his missing overtime hours and about the illegal deductions, the Defendant OFER SISSON begun to laugh and walked away without offering any answer.

64. On February 21, 2013, Plaintiff involuntarily got involved in an incident with a customer, Defendant OFER SISSON fired Plaintiff immediately.  Plaintiff alleges that he was not

fired because of the incident with the client.  Plaintiff firmly believes that that Defendant used that incident as a pre-textual reason, Plaintiff claim he was fired in retaliation for his complaints about unpaid overtime hours and illegal deductions.

65. At the times mentioned, individual Defendant OFER SISSON was the Manager/Partner of Defendant Corporation ELECTRIC AVENUE. Individual Defendant OFER SISSON had operational control the Corporation, he determined Plaintiff's employment terms and conditions, and is jointly liable for Plaintiff's damages.  Individual Defendant OFER SISSON was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of Defendant ELECTRIC AVENUE in relation to the employees including Plaintiff and others similarly situated.

66. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

67. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JUAN C. REVELLO respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants ELECTRIC AVENUE and OFER SISSON that Plaintiff JUAN C. REVELLO recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants ELECTRIC AVENUE and OFER SISSON to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff JUAN C. REVELLO further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff JUAN C. REVELLO demands trial by jury of all issues triable as of right by jury.

## COUNT IV:
## STATUTORY VIOLATIONS OF FLORIDA'S MINIMUM WAGE ACT
## AGAINST ALL DEFENDANTS

68. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

69. This action is brought by Plaintiff JUAN C. REVELLO to recover from the Employers ELECTRIC AVENUE and OFER SISSON unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of Title XXXI, Chapter 448.110 (Florida Minimum Wage Act) and Fla. Const. art X section 24.

70. The Florida Minimum Wage Act states "… employers shall pay employees a minimum wage at an hourly rate of $7.25 for all hours worked in Florida. Title XXXI, Chapter 448.110.

71. Plaintiff JUAN C. REVELLO was employed by Defendant ELECTRIC AVENUE from on or about December 1, 2011 through February 21, 2013.

72. Plaintiff JUAN C. REVELLO was paid $12.50 an hour but has never been compensated at the minimum wage rate for all the hours that he worked in a week.  Plaintiff worked and average of 48 hours per week, but he was paid for just 40 hours. Plaintiff was not paid for 8 hours every week.

73. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees.

74. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    a. <u>Total amount of alleged unpaid wages</u>:

    b. Three Thousand Nine Hundred and Twenty One Dollars and 28/100 ($3,921.28)

    c. <u>Calculation of such wages</u>:

    Total relevant weeks of employment:  64 weeks
    Total hours worked: 48 hours
    Total paid hours: 40 hours
    Total unpaid hours:  8 off the clock hours every week

    Minimum wage 2011: $7.25 an hour
    2011- $7.25 x 8 hours= $58.00 weekly x 4 weeks= $232.00

    Minimum wage 2012: $7.67 an hour
    2012- $7.67 x 8 hours=$61.36 weekly x 52 weeks= $3,190.72

    Minimum wage 2013: $7.79 an hour
    2013-$7.79 x 8 hours= $62.32 weekly x 8 weeks= $498.56

    Total unpaid Florida minimum wages    $3,921.28

   d. <u>Nature of wages</u>:

   This amount represents unpaid Florida Minimum Wages.

75. Defendants ELECTRIC AVENUE and OFER SISSON knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Florida Minimum Wage Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant.

76. Defendants ELECTRIC AVENUE and OFER SISSON, willfully and intentionally refused to pay Plaintiff minimum wages as required by the laws of Florida and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant or as set forth above.

77. Pursuant to Fla. Stat. 448.110, Plaintiff JUAN C. REVELLO has provided Defendants with notice of Plaintiff's minimum wage claims (i.e. the minimum wage to which Plaintiff claims entitlement, work dates for which payment is sought, and the approximate amount of alleged unpaid wages). **See attached Exhibit "D".**

78. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff JUAN C. REVELLO respectfully requests that this Honorable Court:

   A. Enter judgment for Plaintiff and against the Defendants ELECTRIC AVENUE and OFER SISSON, on the basis of Defendants' willful violations of the Florida Minimum Wage Act; and

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JUAN C. REVELLO demands trial by jury of all issues triable as of right by jury.

DATED: July 29, 2014

                                                           Respectfully submitted,

                                                           By:  **/s/ Zandro E. Palma**
                                                           ZANDRO E. PALMA, P.A.
                                                           Florida Bar No.: 0024031
                                                           3100 South Dixie Highway
                                                           Suite 202
                                                           Miami, FL 33133
                                                           Telephone: (305) 446-1500
                                                           Facsimile:  (305) 446-1502
                                                           zep@thepalmalawgroup.com
                                                           *Attorney for Plaintiff*

SBAS072814