EXHIBIT A

EXHIBIT A

5596448.1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between Juan C. Revello, on behalf of himself, his spouse, agents, representatives, assignees, heirs, executors, administrators, beneficiaries and trustees (collectively "Revello") and Electric Avenue, Inc. ("Electric Avenue"), and Ofer Sisson ("Sisson").

**WHEREAS**, there exists a dispute between Revello and Electric Avenue and Sisson arising out of or generally relating to Revello's employment with Electric Avenue, which resulted in the filing by Revello of a lawsuit in the United States District Court for the Southern District of Florida, titled *Juan C. Revello v. Electric Avenue, Inc., and Ofer Sisson*, Case No. 14-cv-22787-Ungaro/Otazo (the "Lawsuit");

**WHEREAS**, Electric Avenue and Sisson deny all of Revello's claims and allegations;

**WHEREAS**, all parties wish to avoid further litigation and legal costs and expenses; and

**WHEREAS**, Revello, Electric Avenue, and Sisson desire, without any concession or admission of unlawful conduct, liability, fault or wrongdoing by either Electric Avenue or Sisson, to effect a full, complete, final and binding settlement and compromise of all claims that Revello may have against Electric Avenue, Sisson, and/or any of the other Releasees (as defined in Paragraph 4 of this Agreement), from the beginning of time through the date of this Agreement, with prejudice.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises each party has made to the other as set forth in this Agreement, the receipt and sufficiency of which are hereby acknowledged by the parties, Revello, Electric Avenue, and Sisson agree as follows:

1. **Recitals.** The parties acknowledge and agree that the "Whereas" clauses preceding this paragraph are true and correct, and are incorporated herein as material parts to this Agreement.

2. **Settlement Payments.** In exchange for the promises made by and in consideration for all the terms entered into by Revello in this Agreement, Electric Avenue agrees to pay Revello the sum of Seventeen Thousand Dollars and No Cents ($17,000.00) by Tuesday, October 14, 2014. Payment shall be as follows:

    (a) The sum of Five Thousand Dollars and No Cents ($5,000.00) as payment for Revello's alleged unpaid wages, including without limitation Revello's alleged overtime pay, made payable to "Juan C. Revello." Applicable statutory deductions, including federal income taxes and Social Security taxes, shall be withheld by Electric Avenue from this sum. Electric Avenue shall issue an IRS Form W-2 to Revello in connection with this payment;

    (b) The sum of Five Thousand Dollars and No Cents ($5,000.00) as payment for Revello's purported liquidated damages and any other non-wage recovery Revello may have sought in this Lawsuit, made payable to "Juan C. Revello." Revello

agrees to indemnify and hold Electric Avenue and the other Releasees harmless for any tax liability, penalty, interest, cost or expense incurred by it as a result of the fact that it did not deduct state and federal income taxes, Social Security taxes, or other withholdings from this sum, or otherwise treat the entire sum as taxable wages to Revello. Electric Avenue will issue an IRS Form 1099 to Revello in connection with this payment; and

(c)   The sum of Seven Thousand Dollars and No Cents ($7,000.00) as payment for Revello's attorneys' fees and litigation expenses, made payable to "Zandro E. Palma, P.A." Electric Avenue will issue IRS Forms 1099 to Zandro E. Palma, P.A., and Revello in connection with this payment.

Payment will be made by check and will be delivered to Revello's counsel, Zandro E. Palma, Esq., at 3100 S. Dixie Highway, Suite 202, Miami, Florida 33133. Mr. Palma will hold the three settlement checks in trust and will not release them for negotiation until (1) the court has approved this settlement, and (2) the Lawsuit has been dismissed with prejudice. *No settlement check will be negotiated until the court has approved this settlement and the Lawsuit has been dismissed with prejudice.* In the event that the court does not approve this settlement and the parties are unable to cure any deficiencies cited by the court, then the three settlement checks identified above will be returned to Electric Avenue via delivery to its counsel, H. Jacey Kaps, at Brickell Bayview Centre, Suite 3000, 80 S.W. 8th Street, Miami, Florida 33130.

   **3.   Dismissal Of The Lawsuit.**   Revello, Electric Avenue, and Sisson agree that they will immediately file a joint motion in the Lawsuit requesting approval of this Agreement and dismissal of the Lawsuit with prejudice. This Agreement will be attached to the joint motion as an exhibit.

   **4.   Release by Revello.**   Revello irrevocably and unconditionally waives, releases, and forever discharges Electric Avenue, Sisson, Sisson's heirs, executors, administrators, and beneficiaries, and Electric Avenue's predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current, and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and trustees (collectively the "Releasees") from any and all claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs and/or any other liabilities of any kind, nature, description, or character whatsoever, known or unknown, suspected or concealed, and whether presently asserted or otherwise, including but not limited to those that were or could have been asserted against any of the Releasees in the Lawsuit.

   **5.   Release by Electric Avenue and Sisson.**   Electric Avenue and Sisson irrevocably and unconditionally waive, release, and forever discharge Revello from any and all claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character

whatsoever, known or unknown, suspected or concealed, and whether presently asserted or otherwise, including but not limited to those that were or could have been asserted against Revello in the Lawsuit.

6.     **Non-Admission Of Liability.** Revello acknowledges and agrees that Electric Avenue and Sisson do not admit any allegations made against either of them in any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands, including the Lawsuit. Nothing contained in this Agreement, nor any of the acts taken thereunder, shall be deemed or construed as an admission of liability of any violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind.

7.     **Employment Relationship Between Revello and Electric Avenue.** Revello agrees to relinquish any and all rights to employment with Electric Avenue or any of the other Releasees and to never seek rehire or employment, either directly, through a temporary agency, or by any other method, with Electric Avenue or any of the other Releasees.

8.     **Other Agreements By Revello.** Revello also agrees that:

   (a)   he is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. The terms and conditions of this Agreement have been explained to Revello by and through his attorney. He speaks and reads English fluently. He has not been coerced, threatened, or intimidated into signing this Agreement;

   (b)   he has not suffered any on-the-job injury for which he has not already filed a workers' compensation claim; and

   (c)   the consideration he is receiving pursuant to Paragraph 2 of this Agreement fully satisfies the full amount of any wages, including but not limited to overtime pay, he has claimed or could claim under any state federal or local law.

9.     **Nondisparagement.** Revello agrees that he will not make any statements, either oral or written, or take any other actions, that disparage or reflect negatively on Electric Avenue, Sisson, or any of the other Releasees, except as required by court order or otherwise by law. Revello also agrees that he shall not voluntarily assist, aid, encourage or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against Electric Avenue, Sisson, or any of the other Releasees, except as required by court order or otherwise by law.

10.    **Neutral Reference.** Revello and Electric Avenue agree that if Electric Avenue is contacted by any prospective employer(s) of Revello, it will provide only the following information to the prospective employer(s):  (a) Revello's dates of employment; and (b) Revello's positions while employed by Electric Avenue.

11. **Entire Agreement.** This Agreement sets forth the entire agreement between Revello, Electric Avenue, and Sisson and supersedes any other written or oral statements, representations, communications, understandings and agreements. No amendment or modification of the terms of this Agreement shall be binding on the parties unless reduced to writing and signed by Revello, Electric Avenue, and Sisson and approved by the United States District Court for the Southern District of Florida.

12. **Severability.** Revello, Electric Avenue, and Sisson each agree that if any phrase, clause, paragraph or provision of this Agreement is declared to be illegal, invalid or unenforceable by a court of competent jurisdiction, such phrase, clause, paragraph or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, paragraph or provision of this Agreement is deemed to be unreasonable, onerous or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds.

_____
JUAN C. REVELLO
Date: 10/09/14

_____
ELECTRIC AVENUE, INC.

_____
Title
Date: _____

_____
OFER SISSON
Date: _____

**11. Entire Agreement.** This Agreement sets forth the entire agreement between Revello, Electric Avenue, and Sisson and supersedes any other written or oral statements, representations, communications, understandings and agreements. No amendment or modification of the terms of this Agreement shall be binding on the parties unless reduced to writing and signed by Revello, Electric Avenue, and Sisson and approved by the United States District Court for the Southern District of Florida.

**12. Severability.** Revello, Electric Avenue, and Sisson each agree that if any phrase, clause, paragraph or provision of this Agreement is declared to be illegal, invalid or unenforceable by a court of competent jurisdiction, such phrase, clause, paragraph or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, paragraph or provision of this Agreement is deemed to be unreasonable, onerous or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds.

_____
JUAN C. REVELLO

Date: _____

_____
ELECTRIC AVENUE, INC.

  PRESIDENT
  Title

Date: 10/13/2014

_____
OFER SISSON

Date: 10-12-14